UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM BELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:16-cv-00111-JMS-MJD |

**Entry Discussing Pending Motions and Providing Castro Notice**

Petitioner William Bell was convicted of premeditated murder after a trial by jury in 2:13-cr-00021-JMS-CMM-1. Judgment was entered on October 31, 2014. His conviction was affirmed on appeal on February 17, 2016.

**I. Motions**

On April 1, 2016, Mr. Bell filed 1) the Instruction page for a Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, 2) the last page of the form which contains his signature and date, and 3) a cover letter. These filings prompted the opening of an action seeking relief under 28 U.S.C. § 2255.

In his cover letter, Mr. Bell alleges that he wishes "to exert all my remedies. Because it is my constitutional right." Dkt. 1-1. He alleges that he is "incompetent to file any legal motion, indigent, and with a[n] attorney who has no heart to assist me in fighting for my life and freedom." He further alleges that counsel told him that "the only way [he] will file another motion on my behalf" is if the court orders him to do so." *Id.* Mr. Bell requests that the Court provide him with

counsel "who has fortitude…and would be effective in representing." *Id.* The cover letter has also been docketed as a motion for the appointment of counsel. Dkt. 2.

Mr. Bell does not have a constitutional right to counsel now that his appeal has been completed. "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). "A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States,* 961 F.2d. 1339, 1343 (7th Cir. 1992). Counsel may be appointed to a defendant seeking relief under section 2255 of title 28 when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A. Mr. Bell has provided no basis on which the Court can evaluate whether justice requires the recruitment of counsel. Moreover, he has not shown that he has attempted to find counsel on his own to assist him. His conviction was affirmed on appeal and he has not provided any factual or legal information in his filings. For these reasons, his motion for the appointment of counsel [dkt. 2] is **denied.**

Mr. Bell's motion to proceed in forma pauperis [dkt. 3] is **denied as unnecessary** because there is no filing fee associated with this type of action.

## II. Castro Notice

### A.

A Court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "[A]ny paper asking for the relief provided by § 2255 ¶ 1 *is* a motion under § 2255,

without regard to its caption or other details." *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003) (citing cases).

As noted above, the Court has determined that Mr. Bell's filings of April 1, 2016, attempt to seek relief within the scope of § 2255, but he has not stated his claims. His filings have been processed as a motion pursuant to 28 U.S.C. § 2255.

**B.**

Mr. Bell is entitled to notice of the fact that this case has been opened as a section 2255 action, and notice that any subsequent motion pursuant to § 2255 would be subject to restrictions. In essence, Mr. Bell will have one bite at the apple, one opportunity to file a complete section 2255 motion, if he chooses to do so. Therefore, he must also be afforded the opportunity to withdraw or amend his motion to include all § 2255 claims which he believes he has. *Castro v. United States,* 540 U.S. 375, 383 (2003).

Because of the circumstances just described, it is important that a petitioner seeking relief pursuant to section 2255 set forth all claims and grounds on which he seeks relief. The failure to do so jeopardizes the petitioner's potential opportunity to present a claim which is omitted from the first such motion. As explained in *In Re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), "[t]he amended section 2255 gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, as defined in the section (newly discovered evidence of innocence or a new and retroactive rule of constitutional law)" for being allowed another bite. *Id.*

**C.**

The petitioner shall have **through May 20, 2016,** in which to **either file an amended** motion to vacate under section 2255, with a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence **or withdraw** his motion insofar as it could be thought to seek relief authorized by 28 U.S.C. § 2255.

The clerk shall **include with the petitioner's copy of this Entry** a copy of a Pro Se 2255 Motion AO-243 Form. Mr. Bell shall place the cause number for this case, 2:16-cv-00111-JMS-MJD, and the word "AMENDED" on the front page of his amended section 2255 motion, if he chooses to file it.

Date: <u>April 15, 2016</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM BELL
15449-031
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.