UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM BELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:16-cv-00111-JMS-MJD |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of William Bell ("Mr. Bell") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

In May 2013, while Mr. Bell was incarcerated at the United States Penitentiary in Terre Haute, Indiana, a grand jury charged Mr. Bell with committing premeditated murder of another inmate, Brian Pendelton, in violation of 18 U.S.C. § 1111. Another inmate, co-defendant Lenard Dixon was charged with being an accessory after the fact to that murder, in violation of 18 U.S.C. § 3. They were tried jointly before a jury the following year. Federal Community Defender, Attorney Michael J. Donahoe was appointed to represent Mr. Bell.

During *voir dire*, the Court advised the jury that "[i]f at any time you realize you know something about the case, you know a witness or you know the Defendant, … you must inform the courtroom deputy at your earliest opportunity." Crim. Dkt. #136, p. 7 [sealed]. The Court emphasized the need to provide the defendant a fair trial and to ensure that the "people who are selected as jurors can keep an open mind throughout trial" and decide the case "based solely on the evidence that is presented" in the courtroom. Crim. Dkt. #136, p. 8, 15 [sealed]. The Court read the names of potential witnesses in the case, including the name "Nurse T. Bixler, who works at the Bureau of Prisons." Crim. Dkt. #136, p.16 [sealed]. When the Court asked the prospective jurors if they knew any of the named witnesses, only Prospective Juror #21, who ultimately was not selected as a juror, stated he knew a witness. Crim. Dkt. #136, p. 16 [sealed].

Nurse Bixler testified the morning of the second day of the three day trial. Crim. Dkt. #139, p. 143. She testified that she performed an injury assessment of Mr. Bell three days after the murder and observed a one centimeter abrasion on the inside of Mr. Bell's lower lip. Crim. Dkt. #139, pp. 145-46. Nurse Bixler further testified that when asked how he got the abrasion, she believed Mr. Bell refused to answer. Crim. Dkt. #139, p. 148.

During the lunch break, the Court was advised that Juror #1 was acquainted with Nurse Bixler. Crim. Dkt. #139, p. 165. In the presence of the parties and outside the presence of the other jurors, the Court questioned Juror #1 as to the nature of her relationship with Nurse Bixler. Crim. Dkt. #139, pp. 165-66. Juror #1 stated that she knows Nurse Bixler only because her husband has repaired Nurse Bixler's vehicles. She stated that she had called Nurse Bixler to advise her when the repairs were completed and the cost of the repairs. Crim. Dkt. #139, p. 166. Juror #1 confirmed that her relationship with Nurse Bixler did not affect her ability to be fair and

impartial. *Id.* No party expressed concern or objected to continuing the trial with Juror #1 serving as a juror. *Id.*

Ultimately Mr. Bell and Mr. Dixon were both convicted. Mr. Bell was sentenced to a mandatory lifetime term of imprisonment. Crim. Dkt. #116.

With the assistance of Attorney Sara J. Varner, a different public defender than trial counsel, Mr. Bell appealed his conviction. His appeal was consolidated with Mr. Dixon's appeal. *United States v. William Bell, et al.*, 819 F.3d 310 (7th Cir. 2016). On appeal, Mr. Bell challenged the trial court's decision to admit evidence concerning an inculpatory statement he made regarding Pendelton's murder. He also contended that the evidence was insufficient to establish that he premeditated Pendelton's murder. *Bell*, 819 F.3d at 313. On February 17, 2016, the Seventh Circuit Court of Appeals rejected Mr. Bell's challenges and affirmed his conviction. *Id*.

On June 16, 2016, Mr. Bell filed his *pro se* second amended motion to vacate his conviction under 28 U.S.C. § 2255. Civ. Dkt. #10. The United States has responded and Mr. Bell has replied.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Mr. Bell seeks relief arguing that his trial counsel was ineffective for failing to object to Juror #1's continued service at trial. Giving his motion to vacate a liberal reading, the Court construes his second claim as a challenge to the fact that there were no African-Americans on the panel from which the jury was selected.

*Ineffective Assistance Claim*

"To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted). The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

In other words, for Mr. Bell to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves,* 755 F.3d at 591. To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted).

For his first claim, Mr. Bell argues that an investigation into the relationship between Juror #1 and Nurse Bixler "could [show] more than what Juror [#1] said" and that Juror #1's relationship with Nurse Bixler could have "swayed the outcome of the verdict against me." Civ. Dkt. #10, p. 4. He contends that Juror #1 should have been made an alternate juror.

The Sixth Amendment provides, in relevant part, that "the accused shall enjoy the right to a speedy and public trial by an impartial jury…" U.S. Const. amend. VI. A district court "may exclude any person summoned for jury service 'on the ground that such person may be unable to

render impartial jury service….'" 28.U.S.C. § 1866(c)(2). When a juror is challenged, the requirement of an impartial jury is satisfied "if the prospective juror has given final, unequivocal assurances, deemed credible by the judge, that for purposes of deciding the case, she can set aside any opinion [she] might hold, relinquish her prior beliefs, or lay aside her biases or her prejudicial personal experiences." *United States v. Allen* 605 F.3d 461, 464-65 (7th Cir. 2010) (internal quotations omitted).

Juror #1's knowledge of Nurse Bixler was simply that her husband had worked on the nurse's vehicle. Juror #1 did not state that she knew Nurse Bixler personally. Rather, Juror #1 had a tangential business relationship that involved only calling the nurse when her vehicle repairs were done and telling her the price. Juror #1 did not even know Nurse Bixler worked at the prison. The Court asked Juror #1 whether anything about the fact that she had done business with Nurse Bixler would affect her ability to be fair and impartial. She stated, "no." Crim. Dkt. 139, p. 166. Mr. Bell has alleged no bias, no prior beliefs, or prejudice on the part of Juror #1 that could have possibly interfered with her ability to be impartial. The Court found Juror #1's description of her knowledge and her statement that she could be fair and impartial to be credible. Mr. Bell's right to an impartial jury was not violated when Juror #1 was allowed to continue to serve.

When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted). Mr. Bell has failed to allege what any additional investigation into Juror #1's familiarity with Nurse Bixler would have revealed. He merely alleges that an investigation *could* show that there was more to their relationship than what the juror testified. "[T]he Constitution requires an attorney to make a 'reasonable'

investigation." *Long,* 847 F. 3d at 922 (quoting *Strickland,* 466 U.S. at 691)). It was reasonable for counsel not to find anything objectionable about these circumstances in light of Juror #1's statement to the Court that she could be impartial and in light of their relatively insignificant business-related contact. There was no deficient performance under these circumstances.

In addition, Mr. Bell has not alleged that there was a reasonable probability that, had there been an additional investigation into Juror #1's relationship with the witness nurse, the outcome of the trial would have been different. Indeed, the testimony from Nurse Bixler concerning the small abrasion to Mr. Bell's inside lower lip was brief and constituted a small piece of the overall evidence presented against Mr. Bell. As noted by the Seventh Circuit in affirming Mr. Bell's conviction, there was sufficient evidence for the jury to have found Mr. Bell guilty of premeditated murder beyond a reasonable doubt. *Bell,* 819 F.3d at 320. In reciting the sufficient evidence, the Seventh Circuit did not even mention Nurse Bixler's testimony. *Id.* Accordingly, Mr. Bell has not and cannot show prejudice, and his claim that counsel was ineffective for failing to investigate the relationship between Juror #1 and Nurse Bixler is meritless.

### *Lack of African-American Jurors*

Mr. Bell's second claim is not one of ineffective assistance of counsel. *Compare* Second Amended Motion to Vacate, dkt. 10, p. 4 and p. 12. This claim also was not raised on direct appeal. Mr. Bell was represented by a different attorney on appeal than he was at trial. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *see also Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be

attributed to him" …. "some objective factor external to the defense impeded counsel's efforts…"). Mr. Bell has offered no explanation for why counsel was unable to raise this claim on direct appeal. Because Mr. Bell has failed to show cause for this procedural default, this claim may not be asserted in his section 2255 motion.

Even if Mr. Bell could overcome his procedural default, he would not be entitled to relief. In stating his second claim in his second amended section 2255 motion, Mr. Bell responded to the written question of whether there was any ground he had "*not* previously presented in some federal court" by stating: "Question was asked to my attorney at jury trial. 'Why know [sic] selections Blacks jury, to select from.' Counsel stated this is small community with very little population Blacks." Dkt. 10. p. 12.

"'The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community.'" *United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) (internal quotation omitted). "To make a prima facie showing that the fair cross-section requirement has been violated, a defendant must show that: (1) the group allegedly excluded is a distinctive group in the community, (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and (3) this underrepresentation is due to systematic exclusion of the group in the jury selection process." *Id*. (*citing Duren v. Missouri*, 439 U.S. 357, 364 (1979)). Mr. Bell has not alleged any facts in support of the three *Duren* prongs in relation to this claim. "'Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.'" *Id.* (*quoting Mahaffey v. Ramos,* 588 F.3d 1142, 1146 (7th Cir. 2009)). Therefore, even if this claim were not procedurally defaulted, it is waived.

*Denial of Hearing*

An evidentiary "hearing is not required if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gaylord v. United States,* 829 F.3d 500, 506 (7th Cir. 2016) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Mr. Bell is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 2:13-cr-00021-JMS-CMM-1.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Bell has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/25/2017

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM BELL
15449-031
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226

Electronically registered counsel